**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

Bump Health, Inc,

Plaintiff,                                                  25 cv 10031

v.                                              **COMPLAINT & JURY DEMAND**

Glow Botanica Inc. and Ana M. Gonzalez Herrera,

Defendants.

Plaintiff, Bump Health, Inc. ("Bump"), through counsel, complains of Defendants:

Glow Botanica Inc. and Ana M. Gonzalez Herrera.

## INTRODUCTION

1.      Bump brings this action to protect the substantial goodwill Bump has in its distinctive GLOW ORGANICS word mark ("GLOW Mark").

2.      Since at least as early as 2016, Bump has used its GLOW Mark in connection with the offering, sale, marketing, and advertising of high-quality skin-care products ("Bump's Goods") and as a result has gained an excellent reputation in this industry.

3.    Bump uses the following logo in connection with the sale of its skin care products:



4.    Unfortunately, the goodwill and reputation for quality that Bump has worked so hard to cultivate is being threatened by Defendants' actions.

5.    On information and belief, Defendants use "GLOW by Hormone University" and GLOW BOTANICA as marks ("Defendants' Marks") to offer competing goods and related retail services to many of the same consumers served by Bump.

6.    Notably, it is believed that Defendants use the following logo in connection with the sale of their goods:



7.    Defendants' Marks are confusingly similar to Bump's GLOW Mark, and unless Defendants are enjoined from using Defendants' Marks, Bump will continue to suffer irreparable harm.

8.      Additionally, Defendants each own a U.S. trademark registration for GLOW BOTANICA  for various class 03 and 05 goods.

9.      Glow Botanica Inc. owns U.S. Trademark Registration No. 7192895 for GLOW BOTANICA.

10.     Ms. Gonzalez Herrera owns U.S. Trademark Registration 6997172 for GLOW BOTANICA.

11.     Defendants' Marks are confusingly similar to Bump's GLOW Mark and unless the Defendants are enjoined from using Defendants' Marks, Bump will continue to suffer irreparable harm.

12.     This action seeks injunctive relief, damages and other relief arising from Defendants' acts of trademark infringement and unfair competition.

13.     This action also seeks the cancellation of Defendants' GLOW BOTANICA trademark registrations.

**PARTIES**

14.     Bump is a corporation organized and existing under the laws of Illinois, with a principal place of business in Peoria, Illinois.

15.     Glow Botanica Inc. is a Delaware corporation has a registered business address in New York. And according to its U.S. trademark filings and registration

for GLOW BOTANICA, Glow Botanica Inc.'s principal place of business at the following address: 184 7th Ave Unit #140, New York, NY 10011.

16.     Ana M. Gonzalez Herrera is an individual and an officer of Glow Botanica Inc.

17.     On information and belief, Ana M. Gonzalez is actively involved in her business Glow Botanica Inc. and the moving force behind the conduct alleged in this case.

18.     According to the U.S. trademark application filed by Ms. Gonzalez Herrera for the mark GLOW BOTANICA, Ms. Gonzalez-Herrera's permanent legal place of residence is 109 E. 19th Street, New York, New York 10003.

## JURISDICTION AND VENUE

19.     This is an action for infringement of a federally registered trademark in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)), for unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), and for cancellation of a registered trademark (15 U.S.C. § 1119).

20.     This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it involves substantial claims arising under the federal Lanham Act.

21.    This Court also has personal jurisdiction over Defendants and venue is proper under 28 U.S.C. § 1391.

22.    On information and belief, Defendants offer their goods and services under Defendants' Marks in this District, notably on Amazon.com and through the interactive website at the following domain: https://glow.hormoneuniversity.com/.

23.    Glow Botanica Inc. is reportedly located and does business in this District.

24.    Ms. Gonzalez Herrera is reportedly located and does business in this District.

**FACTS COMMON TO ALL COUNTS**

<u>Bump's rights in the GLOW Mark</u>

25.    Since at least as early as December 31, 2016, Bump has used its GLOW Mark in connection with the offering, sale, marketing, and advertising of high-quality skin-care products and as a result has gained an excellent reputation in this industry.

26.    Bump owns U.S. Trademark Registration No. 5257987 ("Bump's Trademark Registration") for the trademark GLOW ORGANICS ("GLOW Mark") in connection

with organic cosmetics; non-medicated, organic skin care preparations ("Bump's Goods").

27.     Bump's Trademark Registration is now incontestable under 15 U.S.C. § 1065.

28.     Bump advertises and sells its Bump's Goods through its interactive websites: https://www.gloworganics.co/; https://bumpboxes.com/shop/glow-organics ; and https://bitsyboxes.com/shop/glow-organics.

29.     Bump also advertises and sells its goods on Amazon.com: https://www.amazon.com/s?srs=18216498011&rh=p_89%3AGlow%2BOrganics.

<u>Defendants' infringing activities</u>

30.     On information and belief, Defendants use the "GLOW by Hormone University" mark in connection with a variety of skin care products such as creams and lotions along with powder supplements. ("Defendants' Goods")

31.     On information and belief, Defendants advertise Defendants' Goods using  the "GLOW by Hormone University" mark on the interactive website: https://glow.hormoneuniversity.com/

32.     On information and belief, Defendants further advertise Defendants' Goods using the "GLOW by Hormone University" mark on Amazon.com:

https://www.amazon.com/stores/GlowBotanica/Homepage/page/3C9CB3A8-9BF5-474E-A637-23629F1D8487.

33.    On information and belief, Defendants use GLOW BOTANICA on Amazon.com in connection with online retail store services selling "GLOW by Hormone University" products. ("Defendants' Services").

34.    Defendants were not using Defendants' Marks prior to December 31, 2016.

35.    Defendants were not using Defendants' Marks prior to Bump's use of its GLOW Mark.

<u>Initial steps to remedy infringement</u>

36.    On February 26, 2024, Bump filed cancellation proceedings against Defendants' GLOW BOTANICA trademark registrations in classes 03 and 05.

37.    After noticing that Defendants were apparently using "GLOW by Hormone University" on class 03 and 05 products (instead of GLOW BOTANICA), Bump sent Defendants correspondence on October 2, 2024, outlining the likelihood of consumer confusion in the marketplace based on Defendant's use of GLOW.

38.    Bump requested that Defendants promptly initiate steps to discontinue use of Defendants' Marks.

39.    Despite Bump's continued efforts since then to resolve this matter amicably, Defendants continue to use Defendants' Mark.

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114)**

40.    Bump restates all of its allegations detailed above.

41.    Bump's GLOW Mark is inherently distinctive as evidenced by Bump's Trademark Registration, which is now incontestable.

42.    Bump's GLOW Mark is similar to Defendants' Marks.

43.    Bump's GLOW Mark and Defendants' Marks all begin with the important literal element: GLOW. This term dominates the consumers' focus.

44.    Bump's Goods are similar or highly related to Defendants' Goods and Defendants' Services.

45.    On information and belief, Bump and Defendants utilize similar marketing channels, notably both market their goods and services using an interactive website accessible nationwide through the world wide web and on amazon.com.

46.    Bump's Goods are similar or highly related to Defendants' Goods and Defendants' Services.

47.    As a result, Defendants' use of Defendants' Marks in connection with Defendants' Goods and Defendants' Services is likely to cause consumer confusion with Bump's GLOW Mark.

48.    Unfortunately, on information and belief, Defendants continue to use Defendants' Mark in connection with Defendants' Goods and Defendants' Services despite having notice of Bump's federal registration rights under 15 U.S.C. § 1072 and the likelihood of consumer confusion with Bump's GLOW Mark.

49.    On information and belief, Defendants continue their infringing activities despite Bump's request that they discontinue doing so.

50.    Defendants' actions are likely to mislead the public into concluding that Defendants' Goods and Defendants' Services originate with or are authorized by Bump, which will damage both Bump and the public.

51.    Bump has no control over the quality of goods and services sold by Defendants and because of the source confusion caused by Defendants use of Defendants' Marks, Bump has lost control over its valuable goodwill.

52.    Defendants' unauthorized use of Defendants' Marks in interstate commerce as described above constitutes trademark infringement under 15

U.S.C. § 1114(1) and has caused, and is likely to continue to cause consumer confusion, mistake, or deception.

53.     As a direct and proximate result of Defendants' trademark infringement, Bump has suffered and will continue to suffer irreparable loss of income, profits and goodwill, and Defendants have and will continue to unfairly acquire income, profits and goodwill.

54.     Defendants' acts of infringement will cause further irreparable injury to Bump if Defendants are not restrained by this Court from further violation of Bump's rights. Bump has no adequate remedy at law.

## COUNT II
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

55.     Bump restates all its allegations detailed above.

56.     Defendants' unauthorized marketing and sale of its services in interstate commerce using Defendants' Marks constitutes use of a false designation of origin, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Bump, or as to the origin, sponsorship, or approval of Defendants' Goods and Defendants' Services by Bump.

57.    Defendants' actions constitute federal unfair competition and violate 15 U.S.C. § 1125(a).

58.    As a direct and proximate result of Defendants unfair competition, Bump has suffered and will continue to suffer irreparable loss of income, profits and goodwill, and Defendants have and will continue to unfairly acquire income, profits and goodwill.

59.    Defendants' acts of unfair competition will cause further irreparable injury to Bump if Defendants are not restrained by this Court from further violation of Bump's rights. Bump has no adequate remedy at law.

## COUNT III
### Cancellation of Trademark Registration No. 7192895
### Likelihood of Confusion and Priority & Non-ownership
### (15 U.S.C. § 1119)

60.    Bump restates all its allegations detailed above.

61.    Glow Botanica Inc. owns U.S. Trademark Registration No. 7192895 for GLOW BOTANICA in connection with the following goods:

> Age spot reducing creams for cosmetic use; Anti-aging cream; Body creams; Cleansers for intimate personal hygiene purposes, non-medicated; Cosmetic creams for skin care; Feminine hygiene cleansing towelettes; Hair care preparations; Moisturizing preparations for the skin; Non-medicated cleansers for intimate personal hygiene purposes; Non-medicated preparations all for

the care of skin, hair and scalp; Non-medicated skin care preparations, namely, creams, lotions, gels, toners, cleaners and peels; Skin care products, namely, non-medicated skin serum; Vaginal washes for personal sanitary or deodorant purposes in class 03

Creams for dermatological use; Diapers for incontinence; Dietary and nutritional supplements; Dietary and nutritional supplements for hormonal wellness; Dietary and nutritional supplements used for weight loss; Dietary food supplements; Dietary supplemental drinks; Dietary supplements; Dietary supplements for urinary health; Dietary supplements with a cosmetic effect; Disposable diapers for incontinence; Feminine hygiene pads; Gels, creams and solutions for dermatological use; Herbal supplements; Hormonal preparations; Menstrual symptom treatment preparations; Menstrual underwear; Menstruation bandages; Menstruation knickers; Menstruation pads; Menstruation tampons; Natural herbal supplements; Nutritional supplement energy bars; Nutritional supplements; Nutritional supplements for hormonal wellness; Vaginal moisturizers; Vaginal washes for medical purposes; Vitamin and mineral supplements; Powdered nutritional supplement drink mix and concentrate in class 05

62.    Bump's GLOW Mark has priority over Glow Botanica Inc.'s registered GLOW BOTANICA mark.

63.    Bump's use and registration of Bumps' GLOW Mark predates Glow Botanica Inc.'s filing date and claimed date of first use of its GLOW BOTANICA mark.

64.    Glow Botanica Inc.'s GLOW BOTANICA mark is similar to Bump's GLOW Mark.

65.    Like Bump's GLOW Mark, the GLOW BOTANICA mark contains the important element GLOW.

66.    Consumers will focus on GLOW, when considering Glow Botanica Inc.'s GLOW BOTANICA mark.

67.    The terms ORGANICS in Bump's GLOW Mark and BOTANICA in Glow Botanica Inc.'s GLOW BOTANICA mark convey similar commercial impressions.

68.    The goods identified in Glow Botanica Inc.'s U.S. trademark registration are similar or highly related to Bump's Goods.

69.    Neither Bump nor Glow Botanica Inc. limit the channels of trade in their respective trademark filings, and therefore, it is presumed that their goods move in all channels of trade that are normal for such goods.  Here it is believed that those channels would be the same.

70.    Glow Botanica Inc.'s GLOW BOTANICA mark should therefore be cancelled because it consists of or comprises a mark which so closely resembles Bump's GLOW Mark as to be likely, when used in connection with the goods identified, to cause confusion, mistake, or deceptions within the meaning of 15 U.S.C. §1052(d).

71.     Further, according to U.S. Trademark Registration 6997172, the owner of the GLOW BOTANICA mark for cosmetics in class 03 and natural herbal supplements in class 05 is Ana M. Gonzalez Herrera.

72.     This prior GLOW BOTANICA registration, U.S. Registration 6997172, predates Glow Botanica Inc.'s trademark registration.

73.     No assignment of U.S. Trademark Registration 6997172 has been filed with the U.S. Trademark Office.

74.     The listed owner of U.S. Trademark Registration 6997172 remains Ana M. Gonzalez Herrera.

75.     Upon information and belief, at the time of filing the application, Ana M. Gonzalez Herrera was and still is the owner of the GLOW BOTANICA mark in connection with cosmetics in class 03 and natural herbal supplements in class 05.

76.     As a result, Glow Botanica Inc. is not the owner of the GLOW BOTANICA mark in connection with those goods that are the same as the class 03 and 05 goods identified in U.S. Registration 6997172.

77.    The cancellation of Glow Botanica Inc.'s trademark registration No. 7192895 for the GLOW BOTANICA Mark for these class 03 and 05 goods is thus proper.

**COUNT IV**
**Cancellation of Trademark Registration No. 6997172**
**Likelihood of Confusion and Priority**
**(15 U.S.C. § 1119)**

78.    Bump restates all its allegations detailed above.

79.    Ana M. Gonzalez Herrera owns U.S. Trademark Registration No. 6997172 for GLOW BOTANICA in connection with the following goods:

Cosmetics in class 03

Natural herbal supplements in class 05

80.    Bump's GLOW Mark has priority over Ms. Gonzalez Herrera's registered GLOW BOTANICA mark.

81.    Bump's use and registration of Bumps' GLOW Mark predates Ms. Gonzalez Herrera's filing date and claimed date of first use of its GLOW BOTANICA mark.

82.    Ms. Gonzalez Herrera's GLOW BOTANICA mark is similar to Bump's GLOW Mark.

83. Like Bump's GLOW Mark, the GLOW BOTANICA mark contains the important element GLOW.

84. Consumers will focus on GLOW, when considering Ms. Gonzalez Herrera's GLOW BOTANICA mark.

85. The terms ORGANICS in Bump's GLOW Mark and BOTANICA in Ms. Gonzalez Herrera's GLOW BOTANICA mark convey similar commercial impressions.

86. The goods identified in Ms. Gonzalez Herrera's U.S. trademark registration are similar or highly related to Bump's Goods.

87. Neither Bump nor Ms. Gonzalez Herrera limit the channels of trade in their respective trademark filings, and therefore, it is presumed that their goods move in all channels of trade that are normal for such goods. Here it is believed that those channels would be the same.

88. Ms. Gonzalez Herrera's GLOW BOTANICA mark should therefore be cancelled because it consists of or comprises a mark which so closely resembles Bump's GLOW Mark as to be likely, when used in connection with the goods identified, to cause confusion, mistake, or deceptions within the meaning of 15 U.S.C. §1052(d).

**REQUEST FOR RELIEF**

WHEREFORE Bump respectfully requests this Court enter an Order granting it

the following relief:

A.      Entering a judgment that Bump's registered GLOW Mark, GLOW

ORGANICS, has been and continues to be infringed by Defendants in violation

of 15 U.S.C. § 1114(1).

B.      Entering a judgment that Defendants' use of Defendants' Marks

constitutes federal unfair competition in violation of 15 U.S.C. § 1125(a).

C.      Entering a judgment canceling the GLOW BOTANICA U.S. Trademark

Registration No. 7192895 under 15 U.S.C. § 1119.

D.      Entering a judgment canceling the GLOW BOTANICA U.S. Trademark

Registration No. 6997172 under 15 U.S.C. § 1119.

E.      Permanently enjoining and restraining the Defendants and each of their

agents, representatives, employees, officers, attorneys, successors, assigns,

affiliates, and any persons in privity or active concert or participation with any

of them from using Defendants' Marks, GLOW BOTANICA and "GLOW by

Hormone University", and any other GLOW-formative mark with or without an

accompanying logo or any other designation, alone or combined with other

words or symbols, as a trademark or trade name component or otherwise, to

market, advertise, distribute or identify Defendants' Goods and Defendants'

Services where that designation would create a likelihood of confusion,

mistake or deception with Bump's GLOW Mark.

F.      Under 15 U.S.C. § 1116(a), directing Defendants to file with the Court and

serve on Bump within thirty (30) days after issuance of an injunction, a report

in writing and under oath setting forth in detail the manner and form in which

each Defendant has complied with the injunction.

G.      Under 15 U.S.C. § 1118, requiring that Defendants and all others acting

under Defendants' authority, at their cost, be required to deliver up and

destroy all devices, literature, advertising, labels and other material in their

possession bearing the infringing designation.

H.      Awarding Bump all damages it sustained as the result of Defendants'

acts of infringement and unfair competition under 15 U.S.C. § 1117.

I.      Awarding Bump all profits received by Defendants from sales and

revenues of any kind made because of its infringing actions under 15 U.S.C.

§ 1117.

J.      Awarding Bump its attorney's fees under 15 U.S.C. § 1117

K.    Awarding Bump its costs under 15 U.S.C. § 1117.

L.    Granting Bump such other and further relief as the Court may deem

just.

<h2 style="text-align:center">DEMAND FOR JURY TRIAL</h2>

Bump demands trial by jury on all issues so triable.

Dated: December 3, 2025

Respectfully submitted,
Bump Health, Inc., by,

/s/John T.D. Bathke
John T.D. Bathke (NY5905393)
Phillips & Bathke, P.C.
53 West Jackson Blvd
Suite 1126
Chicago, Illinois 60604
Tel: (312) 260-9160
Email: jtdb@pb-iplaw.com